UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>GATEWAY SECURITY SERVICES, INC. DBA HUGHES TOWING AND AUTO WRECKING; DEBRAH HUGHES, as an individual; DONALD HUGHES, as an individual; RAMON DEVINE, as an individual; LUCINDA DEVINE, as an individual; and ROES 1-10,<br><br>      Defendants. | No.  06-CV-01143-OWW-SMS<br><br>**STIPULATION FOR BENCH TRIAL**<br><br>Complaint Filed: August 28, 2006<br>Trial Date: February 5, 2008 |

The parties to the above-captioned litigation hereby stipulate, by and through their undersigned counsel of record, to the following:

WHEREAS, Lincoln General Insurance Company ("Lincoln General") issued Business Auto Coverage Policy No. LTP101263-02 effective May 11, 2005 to May 11, 2006 to named insured Gateway Security Services, Inc. DBA: Hughes Towing & Auto Wrecking ("Gateway"). This policy is referred to as the "Lincoln General Policy".

WHEREAS, on January 26, 2006, Ramon Devine and Lucinda Devine ("Devines") filed suit against Deborah Hughes, Donald Hughes, Gateway Security Services, Inc., d.b.a. Hughes Towing & Auto Wrecking, Corcoran Auto Dismantling, and Hughes Auto Wrecking and Towing, Inc., in the action entitled <u>Devine, et al. v. Hughes, et al.</u>, Kings County Superior Court, Case no. 06C0015 ("Underlying Action").

WHEREAS, the Underlying Action was resolved by a stipulated judgment wherein the Devines and Gateway agreed to a judgment of $1.1 million, and the Devines agreed not to execute on the judgment until all of the claims and issues raised in this action have been finally adjudicated, through all available appeals.  The Stipulated Judgment is attached hereto as Exhibit A.

PDF created with pdfFactory trial version www.pdffactory.com

WHEREAS, on August 28, 2006, Lincoln General filed the instant lawsuit alleging that it has no duty to defend or indemnify Gateway for the claims asserted in the Underlying Action and to rescind the Lincoln General Policy for misrepresentations in the insurance application.

WHEREAS, on September 27, 2006, Lincoln General filed a Motion for Summary Judgment asserting that it does not have a duty to defend or indemnify Gateway for the claims asserted in the Underlying Action and that it was entitled to rescind the Lincoln General Policy.

WHEREAS, on January 29, 2007, the Court heard Lincoln General's Motion for Summary Judgment.  The Court requested the parties engage in discovery and prepare supplemental briefs as to the following issues: (1) the history, intent, and meaning of the specific policy language at issue, the "business and personal affairs" of the insured; and (2) supplement the briefs regarding the "going and coming rule" and its exceptions as related to policy coverage of an employee's commute to and from work where a personal vehicle is used on occasion for business purposes.

WHEREAS, on August 17, 2007, Lincoln General filed its Supplemental Brief for its Motion for Summary Judgment.

WHEREAS, on August 31, 2007, Gateway filed its Opposition to Lincoln General's Supplemental Brief to the Motion for Summary Judgment.

WHEREAS, on September 10, 2007, the Court heard oral argument on Lincoln General's Supplemental Motion for Summary Judgment.

WHEREAS, on October 29, 2007, the Court denied Lincoln General's Motion for Summary Judgment.

The parties to the above-captioned litigation further agree and hereby stipulate, by and through their undersigned counsel of record, to the following:

1. Lincoln General dismisses with prejudice its Rescission claim with each party bearing its own costs;

2. The parties agree not to seek any Rule 11 sanctions with regard to Lincoln General's dismissal of its Rescission claim;

///

PDF created with pdfFactory trial version www.pdffactory.com

3.     The parties preserve all rights to litigate through trial and all available appeals the Declaratory Judgment cause of action;

4.     Lincoln General withdraws its claim that it had no duty to defend Gateway for the claims asserted in the Underlying Action; however, Lincoln General fully preserves its claim that it has no duty to indemnify Gateway for the claims asserted in the Underlying Action;

5.     The parties agree to vacate the trial date of February 5, 2008;

6.     The parties agree to proceed to a bench trial on Lincoln General's Declaratory Judgment claim that it has no duty to indemnify Gateway for the claims asserted in the Underlying Action;

7.     The parties agree to conduct the bench trial based on trial briefing alone with exhibits and stipulated facts submitted by the parties;

8.     The parties agree not to make opening or closing statements;

9.     The parties agree not to file motions in limine;

10.    The parties agree not to call any witnesses at the bench trial;

11.    The parties agree to submit as part of the record for the bench trial the evidence and all facts, whether disputed or undisputed, that were before the Court on Lincoln General's Motion for Summary Judgment and Supplemental Motion for Summary Judgment;

12.    The parties agree to submit as part of the record for the bench trial the Undisputed and Disputed Facts in Pre-Trial Conference Order, identified in Section III, beginning on page 2, line 14 and ending on page 21, line 14.

13.    The parties agree that any party can supplement the record for the bench trial with the following deposition excerpts: Deposition of Donald Hughes, pages 105-107, exhibit F; Deposition of Debrah Hughes pages 72-75, exhibit F; Deposition of Bryan Burnes, pages 20, 64-65.

14.    The parties agree that the facts and evidence for the bench trial is limited to said facts and evidence identified under paragraphs 11, 12, and 13 and that only the said facts and evidence identified under paragraphs 11, 12, and 13 can be marked for identified, offered or submitted at the bench trial;

PDF created with pdfFactory trial version www.pdffactory.com

15. Any party may appeal the Court's ruling/judgment at the bench trial as in the case of an ordinary trial and judgment conducted and determined in the usual manner;

16. The parties agree to the following briefing schedule for the trial brief:

- February 4, 2008: Moving papers shall be filed;
- February 18, 2008: Oppositions shall be filed;
- February 25, 2008: Replies shall be filed;
- March 4, 2008: Bench trial.

IT IS SO AGREED TO AND STIPULATED.

DATED:  January___, 2008        BURNHAM BROWN

By___/s/_____
    ANDREW R. SHALAUTA
    MICHELLE M. MEYERS
    Attorneys for Plaintiff
    LINCOLN GENERAL INSURANCE
    COMPANY

DATED:  January___, 2008        WILKINS, DROLSHAGEN & CZESHINSKI LLP

By___/s/_____
James H. Wilkins
Alyson A. Berg
Attorneys for Defendants GATEWAY
SECURITIES SERVICES, INC. dba HUGHES
TOWING AND AUTO WRECKING; DEBRAH
HUGHES and DONALD HUGHES

DATED:  January___, 2008        THE DUNNION LAW FIRM

By___/s/_____
Todd D. Reeves
Gerard Rose
Attorneys for Defendants RAMON DEVINE and
LUCINDA DEVINE

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

Pursuant to the stipulation of the parties, IT IS SO ORDERED.

DATED: January 17, 2008

           /s/ Oliver W. Wanger
          JUDGE OF THE DISTRICT COURT

842515

PDF created with pdfFactory trial version www.pdffactory.com