**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LINCOLN GENERAL INSURANCE CO.,**<br><br>             **Plaintiff,**<br><br>        **v.**<br><br>**GATEWAY SECURITY SERVICES, INC., et al.,**<br><br>             **Defendants.** | **1:06-cv-01143 OWW SMS**<br><br>**ORDER ON PLAINTIFF'S EX PARTE APPLICATION AND MOTION TO STRIKE EVIDENCE FILED BY DEFENDANTS** |

**I. INTRODUCTION.**

**Plaintiff Lincoln General Insurance Co. ("Lincoln General") submits an *ex parte* application and motion to strike evidence filed by Defendants Gateway Security Services, Inc. dba Hughes Towing and Auto Wrecking ("Gateway"), Debrah Hughes, and Donald Hughes as part of their Exhibit List In Support of Proposed Findings of Fact and Conclusions of Law.  (Doc. 110, 105). Lincoln General alleges Gateway filed evidence inconsistent with the Order on the Stipulation for Bench Trial (Doc. 81) and thus inadmissible, as follows: Exhibit 10 (pages 45-46 of Lincoln General's Person Most Knowledgeable Raeburn Lerma deposition transcript), Exhibit 16 (Producers Agreement between The Insurance Professionals and agent Robert Storelee dated September 14, 1992), and Exhibit 17 (Lincoln General Program Manager**

1

Agreement with The Insurance Professionals dated August 28, 2007).  (Doc. 105.)

Lincoln General argues the exhibits exceed the scope of the Stipulation for Bench Trial, for which the court executed an order on January 23, 2008, and that it will suffer irreparable harm if these exhibits are not stricken.  (Doc. 81.)  It further argues that Gateway never relied upon these exhibits in any of its submissions to the court and that neither party has previously briefed these exhibits.

The parties stipulated to conduct a bench trial on Lincoln General's declaratory relief claim based on trial briefing, exhibits and stipulated facts submitted by the parties.  (Doc. 81 at ¶7.)  The parties agreed not to make any opening or closing statements, file any motions in limine, or call any witnesses at trial.  (*Id*. at ¶¶8-11.)  The Stipulation for Bench Trial addresses the facts and evidence to be submitted as part of the record:

> 11. The parties agree to submit as part of the record for the bench trial the evidence and all facts, whether disputed or undisputed, that were before the Court on Lincoln General's Motion for Summary Judgment and Supplemental Motion for Summary Judgment;
>
> 12. The parties *agree to submit as part of the record for the bench trial the Undisputed and Disputed Facts in Pre-Trial Conference Order*, identified in Section III, beginning on page 2, line 14 and ending on page

2

>            21, line 14.
>
> 13. The parties agree that any party can supplement the
>     record for the bench trial with the following
>     deposition excerpts: Deposition of Donald Hughes, pages
>     105-107, exhibit F; Deposition of Debrah Hughes pages
>     72-75, exhibit F; Deposition of Bryan Burnes, pages 20,
>     64-65.
>
> 14. The parties agree that the facts and evidence for
>     the bench trial is limited to said facts and evidence
>     identified under paragraphs 11, 12, and 13 and that
>     only the said facts and evidence identified under
>     paragraphs 11, 12, and 13 can be marked for identified,
>     offered or submitted at the bench trial

(Doc. 81, Stipulation for Bench Trial at ¶¶11-14; emphasis added).

Gateway argues the disputed exhibits fall within the stipulation and are properly submitted as "facts and evidence in connection with the disputed and undisputed facts in the Pretrial Order." (Doc. 115.)  Specifically, Gateway points to Paragraph 12 of the Stipulation for Bench Trial which identifies as part of the record Section III of the Pretrial Order, pages 2-21, the section outlining the Undisputed and Disputed Facts.  Gateway notes that page 14 of the Pretrial Order expressly references the nature of the relationships between Lincoln General, The Insurance Professionals, and Storelee Insurance Agency and argues the exhibits at issue relate to these facts identified in the

3

1  Pretrial Order.  (Doc. 78 at ¶¶16-18.)

2  Gateway also notes that the court inquired about the
3  relationship between Lincoln General, The Insurance Professionals
4  and Storelee at trial and whether Storelee was a sole agent of
5  the insured or a dual agent.  (March 4, 2008 Trial Transcript at
6  26, 27, 66-72, 84-85.) Finally, Gateway argues the exhibits at
7  issue are agency contracts which Lincoln General produced in
8  response to Gateway's discovery requests and that Gateway placed
9  Lincoln General on notice of its intention to submit the
10 exhibits.

## II. DISCUSSION.

A plain reading of Paragraph 12 of the stipulation indicates the parties agreed to submit Section III of the Pretrial Order, pages 2:14 - 21:14, as part of the record.  Paragraph 12 reads: "The parties agree to submit as part of the record for the bench trial the Undisputed and Disputed Facts in Pre-Trial Conference Order, identified in Section III, beginning on page 2, line 14 and ending on page 21, line 14."  Gateway argues Exhibits 10 and 16-17 are admissible because they relate to subjects identified in Paragraphs 16-18 in Section III of the Pretrial Order:

> 16. The relationship between Lincoln General and The
> Insurance Professionals, Inc., with respect to issuance of
> the Lincoln General Policy.
> 17. The relationship between Lincoln General and R.A.
> Storelee Insurance Agency with respect to issuance of the

1     **Lincoln**
2     **General Policy.**
3     **18. The relationship between The Insurance Professionals,**
4     **Inc., and R.A. Storelee Insurance Agency with respect to**
5     **issuance of the Lincoln General Policy.**
6  **(Doc. 78, Pretrial Order at page 14.)**

8     **But the terms of the stipulation do not extend to facts and evidence that are *related to or relevant* to Section III of the Pretrial Order. Rather, the clearly expressed intent is to submit as part of the record Section III itself, which consists of a list of 87 undisputed facts and 71 disputed facts. There is no language to indicate evidence relating to or connected to Section III is included in Paragraph 12 of the Stipulation for Bench Trial. Moreover, Paragraph 14 of the Stipulation for Bench Trial specifically limits the record to the facts and evidence included in Paragraphs 11-13 of the same. Gateway's Exhibits 10, 16, and 17 were not included in the scope of Paragraphs 11-13 in that they were not before the court as part of the summary judgment briefing, are not on the list of undisputed and disputed facts in the Pretrial Order, and are not excerpts from the depositions of Debrah Hughes, Donald Hughes or Bryan Burnes.**

     **Under Gateway's interpretation, any evidence relating to or connected to any of the 87 undisputed facts and 71 disputed facts in the Pretrial Order would be admissible. This would expand the scope of the facts and evidence admissible at trial to most if not all evidence obtained through discovery.**

### III. CONCLUSION.

For the foregoing reasons, Plaintiff's Ex Parte Application and Motion to Strike Evidence Filed by Gateway is GRANTED.

SO ORDERED

Dated: September 30, 2008

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge